DIANA STUART HUDSPITH

v.

COMMONWEALTH OF VIRGINIA

No. 0861-92-3

Decided September 28, 1993

COUNSEL

James C. Turk, Jr. (Stone, Hamrick, Harrison & Turk, P.C., on briefs), for appellant.

Kathleen B. Martin, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, J.**—Diana Stuart Hudspith (Hudspith) was convicted in a jury trial of distributing more than one-half ounce but not more than five pounds of marijuana in violation of Code § 18.2-248.1. On appeal, Hudspith contends that the trial court erred in refusing to instruct the jury on accommodation distribution. We find that the evidence did not support an accommodation instruction. Accordingly, we affirm Hudspith's conviction.

The pertinent facts are not in dispute. On October 7, 1991, Detective S.W. Ainsworth, an undercover narcotics officer for the Pulaski Police Department, went to the apartment of Doug Leonard to arrange a drug transaction. After Ainsworth's arrival there, Leonard telephoned Huspith, and shortly thereafter she came to the apartment with a plastic bag containing marijuana. Upon her arrival, Hudspith and Leonard went into the kitchen. After twenty to thirty seconds, Leonard motioned for Ainsworth to come into the kitchen and Leonard left Hudspith and Ainsworth alone. Hudspith and Ainsworth were strangers. Ainsworth saw the plastic bag containing marijuana on the kitchen counter. He asked Hudspith if that was all she had. She replied that she only had one ounce and that it was "excellent for home grown pot." Ainsworth weighed the marijuana without objection from Hudspith. She stated that the bag should be slightly more than an ounce and that she "would not slight somebody on a bag." Ainsworth asked Hudspith if she would take less than $120 for the bag, offering to buy more later if the marijuana was "good." Hudspith refused and Ainsworth paid her $120 in cash. Hudspith then immediately left the apartment.

When reviewing jury instructions, an appellate court's responsibility is "'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" *Darnell v. Commonwealth,* 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting *Swisher v. Swisher,* 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). The proposed instruction must be supported by "more than a mere scintilla of evidence." *Boone v. Commonwealth,* 14 Va. App. 130, 132, 415 S.E.2d 250, 251 (1992). The defendant bears the burden of proving the existence of an accommodation distribution by a

preponderance of the evidence. *Heacock v. Commonwealth,* 228 Va. 397, 406, 323 S.E.2d 90, 95 (1984); *Stillwell v. Commonwealth,* 219 Va. 214, 225, 247 S.E.2d 360, 367 (1978).

■ Code § 18.2-248.1(a)(3) provides a reduced penalty where marijuana is given or distributed "only as an accommodation to another individual and not with intent to profit thereby from any consideration received or expected nor to induce the recipient or intended recipient of the marijuana to use or become addicted to or dependent upon such marijuana." "The 'profit' contemplated by the statute is 'any consideration received or expected.'" *Heacock,* 228 Va. at 407, 323 S.E.2d at 96. The Supreme Court of Virginia has construed the term "profit" "to indicate a commercial transaction in which there is a consideration involved. It does not necessarily mean that a seller of drugs has to sell his drugs to a buyer at a price in excess of the amount the seller paid for the drugs." *King v. Commonwealth,* 219 Va. 171, 174, 247 S.E.2d 368, 370 (1978).

The evidence, when viewed in the light most favorable to Hudspith, fails to support an accommodation instruction. Hudspith admitted that she sold marijuana to Detective Ainsworth, but denied that she had profited from the sale. She testified that she had purchased the marijuana from "a friend" for $120 and had sold it to Ainsworth for $120. This evidence establishes that after Hudspith purchased drugs, she sold them to Ainsworth, a stranger, in exchange for $120 consideration. The fact that Hudspith did not sell the drugs for more than she paid for them is of no consequence. *See id.* The evidence clearly shows that the distribution was a commercial transaction where consideration was involved. Consequently, the trial court did not err in refusing to instruct the jury on accommodation distribution.

*Affirmed.*

Moon, C.J., concurred.

Barrow, J., dissenting.

An accommodation distribution is "a sale or distribution . . . made, not by a dealer in drugs . . . but by an individual citizen who was motivated by a desire to accommodate a friend, without any intent to profit or to induce or to encourage the use of drugs." *Stillwell v. Commonwealth,* 219 Va. 214, 219, 247 S.E.2d 360, 364 (1978); *see also Heacock v. Commonwealth,* 228 Va. 397, 406, 323 S.E.2d 90, 95 (1984). This defendant testified that she obtained from a friend the

ounce of marijuana she sold to the undercover officer. She did so because another friend asked her to get it for the undercover officer. She testified that she sold it to the officer for the exact amount she had paid for it and that she had not done so with the intent to cause him to become addicted to or dependent upon the use of drugs. She also testified that she was a mother of a twelve year old son and cleaned houses for a living.

This evidence, if believed, was sufficient to permit the jury to conclude that she was not a dealer in drugs, but was motivated to sell the marijuana as an accommodation to her friend, who had asked her to do so, and did not sell drugs with an intent to cause anyone to become addicted to or dependent upon the use of drugs. Therefore, she was entitled to an instruction permitting the jury to impose the lesser punishment appropriate for an accommodation distribution, if the jury believed her. *See Brown v. Commonwealth,* 215 Va. 753, 755, 213 S.E.2d 764, 765-66 (1975).

I do not agree with the majority that "a commercial transaction where consideration [is] involved" cannot, as a matter of law, be an accommodation sale. The statutory definition acknowledges that "consideration" may be received. Code § 18.2-248 ("not with intent to profit thereby from any *consideration* received") (emphasis added). Our Supreme Court has recognized this legislative intent. *Stillwell,* 219 Va. at 219, 247 S.E.2d at 364. ("[T]he General Assembly was cognizant of the fact that in some instances a *sale* or distribution . . . would be made . . . to accommodate a friend") (emphasis added).

Consequently, I would reverse the defendant's conviction and remand the matter for a new trial.