## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Dorothy L. Wilson

April 25, 1996

Case No. (Criminal) 89650

BY JUDGE STANLEY P. KLEIN

Defendant Dorothy L. Wilson was indicted on a charge of distribution of cocaine in violation of Virginia Code § 18.2-248. On February 21, 1996, Wilson entered a plea of guilty to that charge but asserted that she distributed the drug solely as an accommodation pursuant to Virginia Code § 18.2-248(D). Evidence was taken in support of the defendant's guilty plea and the accommodation defense, and the Court took the accommodation defense issue under advisement at the request of counsel for the defendant. The Court has reviewed the memoranda submitted by counsel and considered the applicable authorities. For the reasons set forth in this letter opinion, the Court finds the defendant guilty of distribution of cocaine and rejects the accommodation defense.

On October 6, 1995, Detective Pickett of the Fairfax County Police Department, operating as an undercover officer, approached Ricardo Wilson near a commercial establishment. A conversation ensued about obtaining cocaine for Pickett. Mr. Wilson agreed to obtain the cocaine for the detective who gave him $40.00 in currency. Mr. Wilson and the detective went to Mr. Wilson's apartment building, where the defendant was present. Mr. Wilson went upstairs to the home of a third party, and, after returning, announced that the third party was unwilling to sell the drugs to him but would sell them to the defendant. Defendant Wilson then went to the third party's apartment with the $40.00 that Pickett had previously given to Mr. Wilson and returned shortly thereafter with cocaine. Accord-

ing to the defendant's signed statement, dated October 6, 1995, she handed the cocaine directly to Pickett.

At the February 21 hearing, the parties stipulated that the defendant did not ask for or receive anything herself for her part in this transaction. However, in her written statement, she acknowledged that she obtains crack for people four to five times a day from either the third party involved in this transaction or that party's husband. She further advised Pickett that she had smoked crack cocaine on October 6, 1995.

A person who distributes a controlled substance classified in Schedule I or II "shall upon conviction be imprisoned for not less than five nor more than forty years and fined not more than $500,000." Va. Code § 18.2-248(C). However, "[i]f such person proves that [s]he gave, distributed, or possessed with intent to give or distribute a controlled substance classified in Schedule I or II only as an accommodation to another individual . . . . and not with intent to profit thereby from any consideration received or expected nor to induce the recipient or intended recipient of a controlled substance to use or become addicted to or dependent upon such controlled substance, [s]he shall be guilty of a Class 5 felony." Va. Code § 18.2-248(D). A defendant claiming the defense of accommodation has the burden of proving that defense by the greater weight of the evidence. Va. Code § 18.2-263; *Heacock v. Commonwealth*, 228 Va. 397 (1984); *Stillwell v. Commonwealth*, 219 Va. 214 (1978).

Relying principally on the holding in *Gardner v. Commonwealth*, 217 Va. 5 (1976), the defendant argues that as the Commonwealth has stipulated she was not to receive anything for herself in this transaction, the Court should accept her accommodation defense. In *Gardner*, the defendant, while hitchhiking, was picked up by a deputy sheriff and an informer who proceeded to ask him where they could obtain some marijuana. Gardner replied that he had none but could possibly locate some if allowed to make a phone call. After a phone call was made, Gardner directed the detective to a location where he introduced the informer to an individual who sold him LSD. The evidence was clear that Gardner did not at any time receive any purchase money or any controlled drugs from the transaction. The trial judge refused to give an accommodation defense instruction, and the Supreme Court reversed. The Court held that "Gardner was entitled to an instruction based upon evidence which, if believed, was sufficient to show that he had no intent to share in the sale proceeds or otherwise profit from the transaction, or to induce Barnes or Atkins to use or become addicted to or dependent upon the LSD." *Id.* at 7.

The Supreme Court's decision in *Gardner* must be read in conjunction with its subsequent decisions on the accommodation defense issue. On August 31, 1978, the Court decided both *Stillwell v. Commonwealth*, 219 Va. 214 (1978), and *King v. Commonwealth*, 219 Va. 171 (1978). In *Stillwell*, each of the defendants was tried without a jury and convicted of selling marijuana to an undercover police officer. Each of the defendants presented evidence in support of a finding of accommodation, but the trial court rejected each such contention. In affirming the convictions, the Supreme Court described an accommodation sale as follows:

> However, the General Assembly was cognizant of the fact that in some instances a sale or distribution of a drug would be made, not by a dealer in drugs, a pusher or one who was normally engaged in drug traffic, but by an individual citizen who was motivated by a desire to accommodate a friend without any intent to profit or to induce or to encourage the use of drugs.

*Id.* at 219.

In *King*, the defendant was convicted by a jury of three separate sales of marijuana. In each case, the evidence established that the defendant had sold the marijuana to an undercover agent. The trial judge refused an accommodation instruction. The Supreme Court affirmed and stated:

> The sales were made for money, and there is nothing to suggest that they were made to "accommodate" the police officer. Moorman was virtually a stranger to King, and the defendant could have had only one motive in making the sales to Moormon, and that was to profit thereby. The expression "profit" is used in the statute to indicate a commercial transaction in which there is a consideration involved. It does not necessarily mean that a seller of drugs has to sell his drugs to a buyer at a price in excess of the amount the seller paid for the drugs.

*Id.* at 174.

In *Heacock v. Commonwealth*, 228 Va. 397 (1984), the defendant was the supplier of the cocaine at a "drug party." The trial court, sitting without a jury, rejected Heacock's claim that as he had supplied the cocaine free of charge, his only possible purpose was to accommodate the people present at the party. The *Heacock* Court cited the above-quoted language from *Stillwell* and affirmed the trial court's denial of the accommodation defense. The Court further reasoned that "[d]rug dealers must cultivate

and maintain a familiar clientele of habitual drug users, and the users can satisfy their habit only when they know a dealer they can trust to supply a quality product promptly upon demand." *Id.* at 406.

The most recent pronouncement on the scope of the accommodation defense in Virginia came from the Court of Appeals in *Hudspith v. Commonwealth*, 17 Va. App. 136 (1993). In *Hudspith*, an undercover police officer went to the home of a third party to arrange a drug transaction. The third party contacted Hudspith who was then introduced to the undercover agent. Shortly thereafter, the undercover agent paid Hudspith $120.00 and received a bag of marijuana in return. At trial, Hudspith testified that he had not profited from the sale. Hudspith tendered an accommodation instruction which was denied by the trial judge.

The Court of Appeals affirmed and based upon the *Heacock* Court's definition, defined "profit" in § 18.2-248(D) as "any consideration received or expected." *Id.* at 138. Relying on the Supreme Court's decision in *King*, the Court of Appeals opined that the term "profit" did not require the seller to receive more for his drugs than he paid for them. As the undercover agent was a stranger to Hudspith, the Court ruled that an accommodation instruction was not warranted. *Id.*

In his brief, counsel for Wilson ably and articulately argues that the decisions in *Stillwell*, *King*, *Heacock*, and *Hudspith* do not necessarily preclude a finding of accommodation in a commercial transaction where a profit is made by someone other than the defendant. He further asserts that an accommodation sale may occur between strangers. Assuming, without deciding, that an accommodation sale can occur where a commercial transaction for profit takes place, it can only occur in the context present in *Gardner*, where the defendant's sole role in the transaction was the gratuitous introduction of the parties. Wilson's role herein was far different from the defendant's role in *Gardner*. Wilson received $40.00 previously given to her son by a complete stranger and provided cocaine to the stranger in consideration therefor. In her own signed statement, Wilson acknowledged that she regularly supplied people with and used crack herself. She is clearly a person "normally engaged in the drug traffic," not "an individual citizen who was motivated by a desire to accommodate a friend." *Stillwell*, 219 Va. at 219.

As a result, it is far more likely that Wilson participated in this commercial transaction with the "intent to profit thereby from any consideration *received or expected*," § 18.2-248(D) (emphasis supplied), than merely to accommodate a person previously unknown to her. Accordingly,

Wilson has failed to satisfy her burden of proving an accommodation sale by the greater weight of the evidence, and the Court therefore finds her guilty of distribution of cocaine as alleged in the indictment.