COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Humphreys
Argued at Alexandria, Virginia


LAWRENCE JOSEPH WALKER

                                          MEMORANDUM OPINION* BY
v.    Record No. 2974-01-4             JUDGE LARRY G. ELDER
                                            MARCH 4, 2003

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Stanley P. Klein, Judge

          S. Jane Chittom, Appellate Defender (Public
          Defender Commission, on brief), for
          appellant.

          Stephen R. McCullough, Assistant Attorney
          General (Jerry W. Kilgore, Attorney General,
          on brief), for appellee.


     Lawrence Joseph Walker (appellant) appeals from his jury

trial conviction for possession of cocaine with intent to

distribute. On appeal, he contends the trial court erroneously

refused to give his proffered jury instruction on accommodation

in the sentencing phase of the trial. We hold the trial court

did not err because the evidence, viewed in the light most

favorable to appellant, did not support the proffered

accommodation instruction. Thus, we affirm appellant's

conviction.

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The Commonwealth contends appellant failed to preserve his assignment of error for appeal.  We disagree.

The purpose of Rule 5A:18 is to avoid unnecessary appeals, reversals, and mistrials by requiring litigants to inform the trial judge of the action complained of so that the judge has the opportunity to consider the issue intelligently and take timely corrective action.  Robinson v. Commonwealth, 13 Va. App. 574, 576, 413 S.E.2d 885, 886 (1992).  We hold that the arguments appellant made at trial, coupled with the trial court's express findings in denying the proffered accommodation instruction, were sufficient to preserve appellant's present argument for appeal.  Appellant argued to the trial court that the absence of evidence of an intent to profit, coupled with evidence that the undercover detectives intended to pool the drugs rather than to give appellant a specific rock as compensation for his services, proved this was not a commercial transaction and supported the giving of an accommodation instruction.  Likewise, on appeal, he argues the lack of "a prior agreement [for appellant to] receive a 'rock' or anything else in payment for his services" shows a lack of intent to profit.  That appellant uses the term "gratuity" for the first time on appeal and argues no evidence exists to prove the parties made an agreement to compensate appellant before engaging in the transaction is part and parcel of the argument

-

appellant made in the trial court.  Thus, this argument is properly before us on appeal.

A defendant is entitled to have the jury instructed on those theories of the case that are supported by "'more than a scintilla'" of evidence.  Frye v. Commonwealth, 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986) (quoting LeVasseur v. Commonwealth, 225 Va. 564, 590, 304 S.E.2d 644, 658 (1983)).  In determining whether sufficient evidence supported the giving of a proffered instruction, we view the evidence in the light most favorable to the party requesting the instruction.  Boone v. Commonwealth, 14 Va. App. 130, 131, 415 S.E.2d 250, 251 (1992).

Code § 18.2-248 provides, inter alia, that any person who possesses cocaine with an intent to distribute "shall upon conviction be imprisoned for not less than five nor more than forty years and fined not more than $500,000."  Code § 18.2-248(A), (C).  However,

> If such person proves that he . . .
> possessed [that substance] with intent to
> . . . distribute . . . only as an
> accommodation to another individual . . .
> and not with intent to profit thereby from
> any consideration received or expected nor
> to induce the recipient or intended
> recipient of the controlled substance to use
> or become addicted to or dependent upon such
> controlled substance, he shall be guilty of
> a Class 5 felony.

Code § 18.2-248(D).  A Class 5 felony is punishable by imprisonment for a term of "not less than one year nor more than ten years, or in the discretion of the jury or the court trying

-

the case without a jury, confinement in jail for not more than twelve months and a fine of not more than $2,500, either or both."  Code § 18.2-10(e).

Thus, in order for a contemplated sale to be an accommodation subject to the lower penalty range, the seller must act without any intent to profit thereby.  See Code § 18.2-248(D).

> The expression "profit" is used in the statute to indicate a commercial transaction in which there is a consideration involved. It does not necessarily mean that a seller of drugs has to sell his drugs to a buyer at a price in excess of the amount the seller paid for the drugs.

King v. Commonwealth, 219 Va. 171, 174, 247 S.E.2d 368, 370 (1978).  "The 'profit' contemplated by the statute is 'any consideration received or expected.'"  Heacock v. Commonwealth, 228 Va. 397, 407, 323 S.E.2d 90, 96 (1984) (emphases added) (quoting earlier version of Code § 18.2-248).

Here, appellant admitted that he hoped to smoke some of the cocaine he purchased with the undercover detectives and that he developed this hope when their encounter first began.  When the detectives approached appellant and inquired about whether he had any cocaine, appellant had neither money nor cocaine in his possession.  However, he told Detective Christian Quinn that he smoked cocaine and admitted at trial that "[smoking cocaine] was [his] intention at [that] time."  (Emphasis added).  Appellant also testified that he believed he and the detectives were

-

"supposed to be going back [to the motel] and sit down and get high together." Thus, the evidence, viewed in the light most favorable to appellant, established that he expected to profit from the transaction by sharing in the drugs.

The fact that an explicit agreement to share the drugs did not exist prior to appellant's making the purchase from the third party on the detectives' behalf is not dispositive. The key under Code § 18.2-248(D) is the intent with which appellant acted, and appellant admitted that he hoped to profit by smoking a share of the drugs with the undercover officers. For similar reasons, appellant's uncertainty over whether the detectives ultimately would share the cocaine with him also is not dispositive.

Not even a scintilla of evidence established that appellant's possession with intent to distribute constituted an accommodation. Thus, the trial court's refusal of the proffered accommodation instruction was not error, and we affirm appellant's conviction and sentence.

                                                    <u>Affirmed.</u>

-