COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Petty and Alston
Argued at Salem, Virginia


TAMESSA TWANNA MARTIN

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2733-08-3                  JUDGE WILLIAM G. PETTY
                                                               MAY 18, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
G. Carter Greer, Judge

Jameson R. Whitney for appellant.

Virginia B. Theisen, Senior Assistant Attorney General
(William C. Mims, Attorney General, on brief), for appellee.


On July 22, 2008, Tamessa Twanna Martin, the appellant, was convicted by a jury of two

counts of distribution of cocaine, third offense, in violation of Code § 18.2-248, three counts of

distribution of marijuana, in violation of Code § 18.2-248.1, two counts of conspiracy to

distribute cocaine, third offense, in violation of Code § 18.2-256, three counts of conspiracy to

distribute marijuana, in violation of Code § 18.2-256, one count of possession of cocaine with

intent to distribute, in violation of Code § 18.2-248, and one count of possession of marijuana

with intent to distribute, in violation of Code § 18.2-248.1.  On appeal, Martin challenges the

trial court's refusal to instruct the jury on the lesser punishment of distribution for

accommodation because she claims that she was simply doing a favor for her cousin.  For the

following reasons, we reject Martin's contention and affirm her convictions.

_____

    [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

When reviewing a trial judge's decision to refuse a proffered jury instruction, we view the evidence with respect to the refused instruction in the light most favorable to the proponent of the instruction—in this case, Martin. Stevens v. Commonwealth, 46 Va. App. 234, 247, 616 S.E.2d 754, 760 (2005) (citations omitted). Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts of the proceedings as are necessary to the parties' understanding of the disposition of these narrow questions presented on appeal.

In July 2005, Tarrance Carter, the appellant's cousin, began working undercover for the Martinsville Police Department. Carter set up a meeting between Agent McGraw and Carter's cousin, Martin. On February 28, 2007, Agent McGraw purchased marijuana and cocaine from Martin for $150. Over the next several months, Agent McGraw, Carter, and Martin engaged in a number of similar drug transactions, which led to the convictions Martin challenges on appeal.

During the penalty phase, defense counsel argued that Martin's testimony that the drug sales were favors performed for Carter and her lack of any realized profit required an accommodation instruction to the jury. The Commonwealth contended that the money Martin received in exchange for the drugs, even if it was not at a profit, rendered an accommodation instruction inappropriate. The trial court concluded that there was no evidence supporting the grant of accommodation instructions and denied Martin's request. This appeal followed.

II.

The issue raised by the appellant is whether the trial court erred in refusing to instruct the jury on the defense of accommodation. "A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d

717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). However, an instruction is proper "only if supported by more than a scintilla of evidence. If the instruction is not applicable to the facts and circumstances of the case, it should not be given. Thus, it is not error to refuse an instruction when there is no evidence to support it." Avent v. Commonwealth, 279 Va. 175, 202, 688 S.E.2d 244, 259 (2010); see also Commonwealth v. Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001).

The accommodation defense, which can be found in Code § 18.2-248(D), states that if a person can prove that he "gave, distributed, or possessed" a controlled substance "only as an accommodation to another individual" and "not with intent to profit," then he will be guilty of a Class 5 felony. The burden of proof of such an accommodation is on the defendant. See Code § 18.2-263. Because Martin's only evidence of accommodation is her family relation to Carter, we believe that the trial court correctly determined that there was not "more than a scintilla of evidence" to support the proposed accommodation instructions. In each transaction, Agent McGraw was the buyer, not Carter; Carter only arranged the meetings for Agent McGraw and never gave any indication that he himself would be the purchaser.

Further, the fact that Martin did not actually make money on the transactions is not dispositive. Our Supreme Court has construed the term profit "to indicate a commercial transaction in which there is a consideration involved. It does not necessarily mean that a seller of drugs has to sell his drugs to a buyer at a price in excess of the amount the seller paid for the drugs." King v. Commonwealth, 219 Va. 171, 174, 247 S.E.2d 368, 370 (1978). Thus, even if Martin did not make money off the sale of drugs to Agent McGraw, the sale was still a

commercial transaction.[1]  Because the appellant did not meet her burden of showing more than a scintilla of evidence, we affirm her convictions.

III.

For the foregoing reasons, we affirm Martin's convictions.

Affirmed.

---

[1] At oral argument appellant conceded that the Supreme Court has construed the term profit to include any consideration received by a defendant.  King, 219 Va. at 174, 247 S.E.2d at 370.  She noted, however, that she was presenting the argument to this Court in order to preserve it for further appeal.