PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, O'Brien and AtLee
Argued at Lexington, Virginia

CYNTHIA LEATRICE PORTER

                                                          OPINION BY
v.        Record No. 0738-15-3              JUDGE WILLIAM G. PETTY
                                                          MAY 3, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
F. Patrick Yeatts, Judge

Carlos A. Hutcherson (Hutcherson Law, PLC, on briefs), for
appellant.

David M. Uberman, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Cynthia Leatrice Porter was convicted by a jury of distribution of heroin in violation of

Code § 18.2-248 and possession of heroin in violation of Code § 18.2-250.  On appeal, Porter

argues that the trial court erred in denying her request for a jury instruction on distribution for

accommodation.  For the following reason, we affirm Porter's conviction.

I. BACKGROUND

"On appeal, we review the trial court's 'broad discretion in giving or denying instructions

requested' for an abuse of discretion."  Williams v. Commonwealth, 64 Va. App. 240, 246, 767

S.E.2d 252, 255 (2015) (quoting Gaines v. Commonwealth, 39 Va. App. 562, 568, 574 S.E.2d

775, 778 (2003) (en banc)).  "When reviewing a trial court's refusal to give a proffered jury

instruction, we view the evidence in the light most favorable to the proponent of the instruction."

Lawlor v. Commonwealth, 285 Va. 187, 228-29, 738 S.E.2d 847, 871 (2013) (quoting

Commonwealth v. Vaughn, 263 Va. 31, 33, 557 S.E.2d 220, 221 (2002)).  "Although a defendant

'is entitled to an instruction upon his theory of the case,' this rule can be invoked '[o]nly when such instruction is supported by *some appreciable evidence*.'" Williams, 64 Va. App. at 246, 767 S.E.2d at 255 (alteration in original) (quoting Harris v. Commonwealth, 134 Va. 688, 695, 114 S.E. 597, 600 (1922)). "More than a scintilla of evidence must be present to support an instruction." Eaton v. Commonwealth, 240 Va. 236, 255, 397 S.E.2d 385, 397 (1990)). Thus, a reviewing court's "sole responsibility in reviewing [jury instructions] is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises." Cooper v. Commonwealth, 277 Va. 377, 381, 673 S.E.2d 185, 187 (2009) (alteration in original) (quoting Molina v. Commonwealth, 272 Va. 666, 671, 636 S.E.2d 470, 473 (2006)).

The facts are not in dispute. On November 23, 2013, Brandon Crews telephoned Porter to ask if she knew anywhere to get heroin. When Crews picked up Porter at her apartment, he gave her $60 in cash. Porter told Crews that $60 would only purchase two bags of heroin. Crews drove Porter to the parking lot of a local restaurant, where Porter purchased ten bags of heroin for $175 from Marcie Wright. Wright was under surveillance by law enforcement officers, who had previously used confidential informants to make several purchases of heroin from Wright for $20 per bag. When officers subsequently stopped Crews's car, they recovered two bags of heroin from Crews, two bags of heroin from Porter's coat pocket, and six bags of heroin from Porter's cigarette pack.

II. ANALYSIS

A jury convicted Porter of distribution of heroin, and she does not challenge the jury's guilty finding. She argues, however, that the trial court erred in not giving a distribution-for-accommodation instruction to the jury. We disagree.

Code § 18.2-248 makes it unlawful for any person to sell or distribute a controlled substance.

However, the General Assembly was cognizant of the fact that in some instances a sale or distribution of a drug would be made, not by a dealer in drugs, a pusher or one who was normally engaged in the drug traffic, but by an individual citizen who was motivated by a desire to accommodate a friend, without any intent to profit or to induce or to encourage the use of drugs.

Stillwell v. Commonwealth, 219 Va. 214, 219, 247 S.E.2d 360, 364 (1978). In that case, the Code permits a reduced penalty. However, the defense is available only where a person does not act "with intent to profit thereby from any consideration received or expected or to induce the recipient or intended recipient of the controlled substance to use or become addicted to or dependent upon such controlled substance." Code § 18.2-248(D). "The 'profit' contemplated by the statute is 'any consideration received or expected.'" F. P. Heacock v. Commonwealth, 228 Va. 397, 407, 323 S.E.2d 90, 96 (1984). The Supreme Court has interpreted the term "profit" to mean "a commercial transaction in which there is a consideration involved. It does not necessarily mean that a seller of drugs has to sell his drugs to a buyer at a price in excess of the amount the seller paid for the drugs." King v. Commonwealth, 219 Va. 171, 174, 247 S.E.2d 368, 370 (1978); see also Hudspith v. Commonwealth, 17 Va. App. 136, 138, 435 S.E.2d 588, 590 (1993) (affirming the trial court's denial of a distribution-for-accommodation instruction where defendant sold drugs at the same price she bought them for).

A defendant charged with distribution who defends on the ground of accommodation

is required to produce some evidence which satisfies the trier of the facts that his distribution was for accommodation. The [rebuttable inference, that a distribution of a controlled substance was done with the intent to profit,] created by the statute retains its effect until opposing evidence (whether from the Commonwealth or the defendant) is sufficient to make a case for the jury, that is, *to convince the judge that a jury could reasonably find that the defendant was an accommodation distributor.*

Stillwell, 219 Va. at 225, 247 S.E.2d at 367 (emphasis added). Thus, to be entitled to a jury instruction on the lesser punishment of distribution for accommodation, Porter must be able to

point to some appreciable evidence, amounting to more than a scintilla, which supports her argument that she was an accommodation distributor.

## A. Sentencing Instruction Conference

Porter argues that the procedurally proper time to make an accommodation determination is during the penalty phase of the trial. She is correct. "An accommodation defense is a defense that pertains only to the penalty imposed on one found guilty of drug distribution." Foster v. Commonwealth, 38 Va. App. 549, 555, 567 S.E.2d 547, 550 (2002). "Whether a defendant acted only to accommodate another is a determination to be made after guilt has been decided and in contemplation of the penalty to be imposed." Id. Porter cites this Court's holding that "law applicable to determining the appropriate sentence for a defendant found guilty of the charged offense is not relevant and, therefore, falls outside the scope of permissible argument in the guilt phase." Walls v. Commonwealth, 38 Va. App. 273, 281, 563 S.E.2d 384, 388 (2002). Porter then contends that the trial court erred because it denied Porter's distribution-for-accommodation instruction before the guilt phase concluded.

While the jury was deliberating on the guilt-phase verdict, the trial court heard argument on jury instructions for the penalty phase of the trial. During a discussion with counsel that spanned more than ten pages in the transcript, the court thoroughly considered whether any appreciable evidence had yet been presented that would support a distribution-for-accommodation instruction. The trial court correctly concluded that the facts presented during the guilt phase of the trial precluded the instruction.

"The [inference] created by" Code § 18.2-248 that a distribution is not an accommodation "retains its effect until opposing evidence (whether from the Commonwealth or the defendant) is sufficient . . . to convince the judge that a jury could reasonably find that the defendant was an accommodation distributor." Stillwell, 219 Va. at 225, 247 S.E.2d at 367. Here, Crews testified

- 4 -

that the price of heroin that he purchased varied based on what was available, but also testified that Porter told him in advance that the price was $30 per bag. Detective Joel Hinkley testified that he had made several controlled buys from Wright and the price was always $20 per bag. The evidence thus showed that Porter, at the very least, expected a 50% profit on the heroin she distributed to Crews. But, Wright gave Porter an even better deal, selling her ten bags at $17.50 per bag. At this price, Crews's $60 payment to Porter would have been more than enough to buy three bags of heroin if Porter had merely used Crews's money to purchase his heroin. Instead, the evidence showed Porter pocketed the difference and used it to buy inventory for herself. Although Crews testified that he had known Porter for a couple of years and had contacted her in the past when he needed drugs, the trial court noted that Crews did not testify they were friends. On the contrary, Crews contacted Porter when he needed to buy drugs. The court reasoned that drug users know their drug suppliers and that this relationship did not support a distribution-for-accommodation instruction. See Heacock, 228 Va. at 406, 323 S.E.2d at 96 ("Drug dealers must cultivate and maintain a familiar clientele of habitual drug users, and the users can satisfy their habit only when they know a dealer they can trust to supply a quality product promptly upon demand."). Further, the accommodation defense does not apply to "one who was normally engaged in the drug traffic." Stillwell, 219 Va. at 219, 247 S.E.2d at 364. Here, Crews testified that Porter obtained drugs for him on "multiple" occasions over the course of "a year or two." Thus, as a matter of law, the evidence presented during the guilt phase of the trial showed a commercial transaction on which Porter made a profit, thereby precluding a distribution-for-accommodation instruction. The court did not err in finding that, as of the sentencing instruction conference, Porter had not provided more than a scintilla of evidence to support her theory of accommodation. She had therefore not met her burden to show that she was entitled to the instruction.

B.  Sentencing Phase

Porter correctly states that the sentencing phase was the proper time for the defense to present accommodation evidence.  Porter testified during the sentencing phase, after which the jury received instructions and retired to deliberate the sentence.  Porter did not request the distribution-for-accommodation instruction after she presented evidence at sentencing, nor did she ask the court to revisit the denial of the instruction after she had testified.  She did subsequently file a motion to set aside the jury's sentence.  The Commonwealth argues that pursuant to Rule 5A:18, Porter has waived her argument that the trial court failed to consider the evidence presented during the sentencing phase when determining if a distribution-for-accommodation instruction was merited.  We agree.

Rule 5A:18 requires that an "objection [be] stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."[1]  "The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, *thus avoiding unnecessary appeals and reversals*."  Milam v. Milam, 65 Va. App. 439, 464, 778 S.E.2d 535, 547 (2015) (emphasis added) (quoting Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)).

> For an objection to meet the requirements of Rule 5A:18, it must also "be made . . . at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error."  Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010).  This requirement allows the circuit court to remedy the error while also giving "the opposing party the opportunity to meet the objection at that stage of the proceeding."  Id.

---

[1] Porter does not argue on appeal that either the "good cause" or the "ends of justice" exception applies.

Maxwell v. Commonwealth, 287 Va. 258, 265, 754 S.E.2d 516, 520 (2014) (alteration in original); see Shelton v. Commonwealth, 274 Va. 121, 126, 645 S.E.2d 914, 916 (2007) ("A specific, contemporaneous objection also provides the opposing party an opportunity to address an issue at a time when the course of the proceedings may be altered in response to the problem presented.").

The analysis of this issue is similar to the analysis of waiver for failure to renew a motion to strike the evidence.

> [T]he Court of Appeals has consistently applied [this] concept of waiver to require a defendant who elects to introduce evidence in his defense after the denial of a motion to strike the Commonwealth's evidence to reassert in some fashion a challenge to the sufficiency of the evidence as a whole after the record is complete, and if he fails to do so, he waives his ability to raise that issue on appeal. This concept of waiver is so well established in the jurisprudence of the Court of Appeals that its application has primarily been confined to unpublished memoranda opinions and, as in this case, orders refusing petitions for appeal.

Murillo-Rodriguez v. Commonwealth, 279 Va. 64, 77, 688 S.E.2d 199, 206 (2010). In Murillo-Rodriguez, the Supreme Court reasoned that the concept of waiver "is in reality nothing more than a straightforward application of the contemporaneous objection rule." Id. at 79, 688 S.E.2d at 207. "When a defendant has elected to introduce evidence on his own behalf after a motion to strike the Commonwealth's evidence has been denied, he necessarily changes the quantum of evidence from which his guilt will be determined." Id. at 79, 688 S.E.2d at 208; see United Leasing Corp. v. Lehner Family Bus. Trust, 279 Va. 510, 518, 689 S.E.2d 670, 674 (2010) ("[The] renewed motion is in reality a new motion because it addresses a different quantum of evidence.").

Similarly, here, Porter introduced evidence after her distribution-for-accommodation instruction was refused during the sentencing instruction conference. This changed the quantum

of evidence from which the judge could determine whether Porter had met her burden to provide more than a scintilla of evidence that the distribution was for accommodation.

In Murillo-Rodriguez, the Supreme Court established a bright line rule that "by not reasserting a sufficiency challenge after [a defendant] has introduced his own evidence, the defendant has deprived the trial court of the opportunity to consider and rule on the [matter]." 279 Va. at 80, 688 S.E.2d at 208. When the defendant fails to afford the trial court the opportunity upon proper motion to decide the question based on all of the evidence, he has waived his right to appeal the decision. Id.

Assuming without deciding that the evidence presented during the sentencing phase would have supported an accommodation instruction,[2] Porter failed to reassert her request for a distribution-for-accommodation instruction after she presented additional evidence. She thereby deprived the trial court of the opportunity to contemporaneously consider and rule on whether the instruction was appropriate in view of all the evidence.

In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding. Porter's failure to make a

_____

[2] We note that during the hearing on Porter's motion to set aside the jury verdict, the court observed,

> [T]here were no facts this [c]ourt believes during the course of the trial or during sentencing to indicate an accommodation. Clearly, this was a commercial transaction, it was money for drugs and the evidence was that not only was it money for drugs but your client profited, she made money, it wasn't that she took—took Mr. Crews's money and used that money to buy drugs and give those drugs, she made money off that transaction. That was the testimony and I believe that was her statements to the officers. That cannot be accommodation based on those facts. So the [c]ourt believes that the Commonwealth clearly established this was a commercial transaction, money for drugs and even to the extent that your client made a profit in her involvement so accommodation instruction was not appropriate at any juncture regardless of when the motion for that instruction was made.

contemporaneous motion deprived the Commonwealth of the opportunity to address the issue at a time when the course of the proceedings could be altered in response to the motion. See Shelton, 274 Va. at 126, 645 S.E.2d at 916. The Commonwealth's argument against a distribution-for-accommodation instruction would likely have included reference to testimony from the Commonwealth's sentencing-phase witness, who testified she had obtained drugs from Porter "at least probably twenty [times]." See Murillo-Rodriguez, 279 Va. at 83, 688 S.E.2d at 210 (noting that the prosecution's case may be strengthened by defendant's evidence).

Porter argues that under Code § 8.01-384 she was not required to make another motion regarding the sentencing instruction because the court had made a "final ruling." Section 8.01-384 states in relevant part, "No party, after having made an objection or motion known to the court, shall be required to make such objection or motion again in order to preserve his right to appeal, challenge, or move for reconsideration of, a ruling, order, or action of the court." However, the Supreme Court has established that Code § 8.01-384 does not apply to preserve for appeal the denial of a motion when the defendant subsequently changes the quantum of evidence the court must evaluate to make its determination. See Murillo-Rodriguez, 279 Va. at 83-84, 688 S.E.2d at 210. "Simply put, a defendant may not rely upon Code § 8.01-384(A) to preserve for appeal an issue that he never allowed the trial court to rule upon." Id. at 84, 688 S.E.2d at 210.

Here, Porter never asked the trial court at the conclusion of sentencing testimony to consider and decide whether a distribution-for-accommodation instruction was warranted. Porter may not rely on Code § 8.01-384 to preserve for appeal an issue that she never allowed the trial court to rule upon, namely that the evidence presented at the sentencing phase was sufficient to support a distribution-for-accommodation instruction. Porter suggests that she proffered an intent to argue for an accommodation defense and that the trial court's ruling during the

- 9 -

sentencing instruction conference was tantamount to a final ruling from which she could appeal.[3]

We disagree. As the trial court noted during the hearing on Porter's motion to set aside the

verdict, the court "ruled on the accommodation instruction at that time [during the sentencing

instruction conference] because that's when [Porter] moved for it. [Porter] could have renewed

---

[3] During the sentencing instruction conference, after extensive discussion on whether the evidence presented thus far was sufficient to support a distribution-for-accommodation instruction, the following exchange occurred between counsel and the court:

> MR. HUTCHERSON: And at sentencing when we argue
> accommodation, I would imagine that's the proper time to
> put forth. There is evidence there that the price varies and
> it's a reasonable inference —
> THE COURT: We don't argue sentencing unless the Court gives
> instructions regarding accommodation.
> MR. HUTCHERSON: Yes, sir.
> THE COURT: And I've ruled that there's not sufficient evidence
> before the tribunal for me to give an accommodation
> instruction in this case. Your objection is noted for the
> record.
> All right. The Commonwealth's withdrawal of [the
> accommodation instruction] will be granted.

Although the court reminded counsel that he could not argue accommodation unless the accommodation instruction was given, see Rule 3A:16(a) ("In all cases the court shall instruct the jury before arguments of counsel to the jury."), the court did not limit during the sentencing phase counsel's presentation of evidence that would support a distribution-for-accommodation instruction. Likewise, the court did not suggest that the instruction could not be proposed after the sentencing evidence was presented. See Rule 3A:16(b) ("[W]hether or not proposed instructions have been submitted earlier, the parties may submit proposed instructions at the conclusion of all the evidence.").

Further, Porter never proffered any evidence that she would have presented but for the court's actions. See Creamer v. Commonwealth, 64 Va. App. 185, 198, 767 S.E.2d 226, 232 (2015) ("[T]he appellate court may consider only the representations regarding the evidence that the trial court considered, i.e., those made in a timely fashion, contemporaneously with the trial court's decision on the admissibility issue."); id. at 201-02, 767 S.E.2d at 233 ("The trial judge must be put on notice of the purpose for which the evidence is offered while there is still time to remedy the situation. It is the proponent's duty, not . . . the trial court['s], to clearly articulate the purpose for which the evidence is offered. (alterations in original) (quoting Reese v. Mercury Marine Div. of Brunswick Corp., 793 F.2d 1416, 1421 (5th Cir. 1986))). Counsel's expression of intent to argue during the sentencing phase that the distribution was an accommodation did not constitute a proffer of evidence we can review on appeal. Therefore, in assessing whether there was sufficient evidence before the trial court to warrant a distribution-for-accommodation instruction, we are limited to reviewing Porter's actual testimony.

the motion at the conclusion of . . . any evidence at sentencing . . . ." Although the proper time to consider an accommodation instruction is after sentencing evidence, the court may direct that the parties "submit proposed instructions to the court at such reasonable time before or during the trial as the court may specify." Rule 3A:16(b). But, "whether or not proposed instructions have been submitted earlier, the parties may submit proposed instructions *at the conclusion of all the evidence.*" Id. (emphasis added). Regardless of the court's refusal of the distribution-for-accommodation instruction during the sentencing instruction conference, Porter could have submitted the instruction at the conclusion of the sentencing evidence and given "the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." Milam, 65 Va. App. at 464, 778 S.E.2d at 547 (quoting Weidman, 241 Va. at 44, 400 S.E.2d at 167). This she failed to do. As a result, she now seeks a new sentencing trial, the precise waste of judicial resources that Rule 5A:18 seeks to avoid. We hold that pursuant to Rule 5A:18 Porter has waived appeal of the trial court's failure to give a distribution-for-accommodation instruction after Porter presented evidence at her sentencing hearing.

## III. CONCLUSION

For the reason given above, we hold that the trial court did not err in denying a distribution-for-accommodation instruction when it was submitted by Porter. We further hold that because Porter failed to make a timely motion during the sentencing phase regarding the distribution-for-accommodation instruction, she waives the argument on appeal. We therefore affirm Porter's conviction.

Affirmed.