COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Humphreys and Agee
Argued at Chesapeake, Virginia


GARY L. FOSTER
                                                OPINION BY
v.    Record No. 2228-01-2           JUDGE G. STEVEN AGEE
                                                AUGUST 6, 2002
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                    William L. Wellons, Judge

          Charles C. Cosby, Jr. (Boone, Beale, Cosby &
          Long, on brief), for appellant.

          Virginia B. Theisen, Assistant Attorney
          General (Jerry W. Kilgore, Attorney General,
          on brief), for appellee.


     Gary L. Foster (Foster) was convicted in the Halifax County

Circuit Court of distribution of cocaine[1] in violation of Code

§ 18.2-248.  He was sentenced to a term of two years

incarceration.  Foster appeals his conviction, contending the

trial court erred (1) by denying his motion to strike the

evidence as insufficient to establish he committed the

distribution offense; (2) by failing to find that he established

an accommodation defense, and (3) in not allowing his

_____

     [1] The Court notes that the sentencing order entered by the
trial court indicates that the appellant was found guilty by the
jury of possess with intent to distribute a Schedule II
controlled substance - crack cocaine.  Accordingly, this case is
remanded to the trial court for the sole purpose of amending the
final order to reflect that the appellant was found guilty of
distribution of cocaine.

accommodation defense argument to be presented to the jury.  For the following reasons, we affirm Foster's conviction.

## I.  BACKGROUND

Joseph Mitchell (Mitchell) worked in an undercover capacity with the Halifax County Sheriff's Department making drug buys. In that capacity, and under police supervision, Mitchell drove to an apartment complex and approached Foster, a juvenile he had met previously.  Mitchell told Foster he wanted to buy "a quick fifty rock" of cocaine.  Foster responded, "I'll see if I can hook you up," and walked away.  Foster returned a few minutes later with two men.  Foster gave three rocks of cocaine to Mitchell, who gave Foster cash.

Foster was subsequently arrested and taken before the Halifax County Juvenile and Domestic Relations District Court, which properly transferred its jurisdiction over the matter to the Halifax County Circuit Court.  A pretrial hearing was held on the Commonwealth's motion in limine, which sought to prohibit Foster from arguing accommodation during the guilt determination phase of the trial.  The trial court granted the motion, ruling that the jury would determine Foster's guilt as to the distribution charge.  If Foster was found guilty, the trial judge would then consider the merits of an accommodation defense at the sentencing phase pursuant to Code § 16.1-272(A).

At trial, Mitchell testified that Foster had handed him the drugs and that he gave Foster the money.  On cross-examination,

-

Mitchell testified that he was not sure where Foster had obtained the drugs. Counsel then asked Mitchell if he recalled testifying in the juvenile court hearing that the other men with Foster had passed the drugs to Foster before Foster gave him the drugs. Mitchell testified that he did not "remember that." Counsel played the tape of the juvenile court hearing, and Mitchell's recollection was refreshed. Foster presented no evidence. The jury found Foster guilty of distribution of cocaine.

At his sentencing hearing, Foster testified in his own behalf. According to Foster, he brought two men to Mitchell's car and then "walked off." He denied passing any drugs to Mitchell or taking any money from him.

## II. SUFFICIENCY OF THE EVIDENCE TO ESTABLISH DISTRIBUTION OFFENSE

On appeal, Foster challenges the sufficiency of the evidence to establish he distributed the cocaine. Specifically, he contends Mitchell's testimony was not credible. For the following reasons, we find this issue to be without merit.

When considering the sufficiency of the evidence on appeal in a criminal case, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). On review, we do not substitute our own judgment for that of the

-

trier of fact.  See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992).

Witness credibility, the weight accorded the testimony and the inferences to be drawn from proven facts are matters to be determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).  The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The evidence supports the trial court's judgment.  Mitchell testified that upon his request for a "fifty rock" of cocaine, Foster left but soon returned with two other men.  Mitchell then testified that only Foster handed him the three rocks of cocaine and he handed the money only to Foster.  This evidence is sufficient to support the trial court's judgment.

Foster, however, contends Mitchell's desire to have his undercover work help him secure a job in law enforcement undermined his credibility.  Witness credibility is not for us to determine.  A witness' credibility and the weight accorded to his testimony are matters solely for the fact finder "who has the opportunity to see and hear the witness[]."  Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998).

Therefore, the trial court did not err in finding the evidence sufficient to support a determination of guilt.

-

## III. THE TRIAL COURT'S DETERMINATION OF THE ACCOMMODATION DEFENSE

Foster also argues the trial judge erred in ruling that he, and not the jury, was to make the decision as to whether or not Foster acted to accommodate Mitchell as opposed to distributing the cocaine for personal gain. He contends the jury as the fact finder at trial should have considered this issue and not the trial judge at sentencing. He further argues that the trial judge's actions amount to the denial of equal protection. For the following reasons, we affirm the trial court.

First, we note that Foster's claim of an equal protection violation is an argument he makes for the first time on appeal. Pursuant to Rule 5A:18, we will not consider this argument. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).[2]

Foster also contends that his accommodation defense was a factual determination to be made by the jury. We disagree.

An accommodation defense is a defense that pertains only to the penalty imposed on one found guilty of drug distribution. See Code § 18.2-248(D); Stillwell v. Commonwealth, 219 Va. 214, 223, 247 S.E.2d 360, 365 (1978) (an accommodation defense "is relevant to the determination of the proper degree of

---

[2] Foster made no argument that the "ends of justice" exception to Rule 5A:18 should apply, and we see no basis for its application in this case.

-

punishment, but only after guilt has been established"); Barlow

v. Commonwealth, 26 Va. App. 421, 430, 494 S.E.2d 901, 905

(1998) (the code section "provides for mitigation of punishment

where one convicted of possession with intent to distribute is

found not be a dealer in drugs, but one 'motivated by a desire

to accommodate a friend without any intent to profit or to

induce or to encourage the use of drugs'" (quoting Stillwell,

219 Va. at 219-20, 247 S.E.2d at 364)).  Whether a defendant

acted only to accommodate another is a determination to be made

after guilt has been decided and in contemplation of the penalty

to be imposed.

While Foster was entitled to have a jury determine whether

or not he was guilty of committing narcotics distribution, the

determination of a penalty was required to be made by the trial

judge without a recommendation by the jury.[3]  Code § 16.1-272(A)

---

[3] Foster, in his brief, recognizes these principles, yet argues a different process should have been applied in which the jury determined whether he established an accommodation defense. He does not provide any legal support for this proposition; he simply cites Brown v. Commonwealth, 215 Va. 753, 213 S.E.2d 764 (1975), in his argument.  That case, however, in which the Supreme Court of Virginia noted that the issue of accommodation is one within the province of the jury to determine, did not involve a transferred juvenile and did not involve a bifurcated trial procedure.  Further, in Stillwell, 219 Va. 214, 247 S.E.2d 360, the Supreme Court explained that an accommodation defense is a matter to be considered during the sentencing phase of a trial and not the guilt determination phase:

> While there are dicta in our opinions in
> Jefferson [v. Commonwealth, 214 Va. 432, 201
> S.E.2d 749 (1974),] . . . and Brown . . .
> that could lead to a contrary interpretation

-

is manifestly clear that "the court shall fix the sentence without the intervention of a jury" in a juvenile case. While Foster apparently makes an argument of first impression regarding juvenile sentencing in the context of the accommodation defense, his argument is clearly negated by the plain language of Code § 16.1-272(A). Thus, the trial judge, the fact finder at the penalty phase of the juvenile's trial, was required to make the factual determinations regarding the punishment to be imposed on Foster, which included the

---

. . . [t]he provisions of § 18.2-248(a), which deal with the reduced penalty contingent upon proof of an accommodation gift, distribution or possession of marijuana operate only to mitigate the degree of criminality or punishment . . . .

\*    \*    \*    \*    \*    \*    \*

The statutory scheme behind Code § 18.2-248 provides that once the guilt of the defendant has been established (a determination completely independent of the profit-accommodation distinction), a second determination of the proper punishment is to be made. This statute and § 18.2-263 place the burden of proving the existence of an accommodation distribution (and the right to the lesser penalty) to the trier of fact on the shoulders of the defendant. In other words, the statute contains a presumption against an accommodation distribution to the extent that it is relevant to the determination of the proper degree of punishment, but only after guilt has been established.

Id. at 222-23, 247 S.E.2d at 365.

-

determination of whether Foster established an accommodation defense.

Therefore, we find the trial judge was correct in ruling the issue of accommodation was to be considered by him alone at sentencing and not by the jury during the guilt determination phase of the proceedings.

## IV. SUFFICIENCY OF THE ACCOMMODATION DEFENSE

Foster also challenges the trial court's determination that he did not establish an accommodation defense permitting the mitigation of the sentence for his distribution conviction. He contends the evidence supports an accommodation defense because it showed that he neither received nor expected to receive any of the purchase money. We disagree.

Code § 18.2-248(D) provides for mitigation of punishment where one convicted of distribution is found not to be a drug dealer, "but by an individual citizen . . . motivated by a desire to accommodate a friend, without any intent to profit or to induce or to encourage the use of drugs." Stillwell, 219 Va. at 219, 247 S.E.2d at 364. Code § 18.2-248(D) establishes a presumption against an accommodation distribution and requires the defendant to prove accommodation by a preponderance of the evidence. See id. at 219, 225, 247 S.E.2d at 364, 367. Foster did not meet this burden.

Foster testified that he did not know Mitchell personally, but they had been acquainted. According to Foster, Mitchell

-

asked him for the cocaine and he merely arranged for others to make the sale to Mitchell.  He testified that he had no contact with the drugs or the money that was exchanged.  This testimony was in direct conflict with Mitchell's.  Foster's claim of accommodation, at most, raised an issue of fact to be resolved by the fact finder.  The trial judge, as fact finder in the sentencing phase, chose not to believe Foster's testimony.  We cannot say this was error, as a witness' credibility and the weight accorded to his testimony are matters solely for the fact finder.  Mitchell's testimony was not inherently incredible as to render it unworthy of belief as a matter of law.  See Lockhart v. Commonwealth, 34 Va. App. 329, 343, 542 S.E.2d 1, 7-8 (2001).

Accordingly, we affirm the decisions of the trial court.

Affirmed.

-