COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Senior Judge Hodges
Argued at Richmond, Virginia


ALLEN N. DAY

v.       Record No. 0193-03-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JAMES W. BENTON, JR.
FEBRUARY 3, 2004


FROM THE CIRCUIT COURT OF WESTMORELAND COUNTY
J. Peyton Farmer, Judge Designate

David P. Baugh for appellant.

Virginia B. Theisen, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


A jury convicted Allen N. Day of possession of cocaine.  Day contends the trial judge erred

in permitting the prosecutor to prove Day remained silent when arrested and failed to deny

knowledge of cocaine on a spoon, and Day further contends the evidence was insufficient to prove

he knowingly possessed the cocaine.  We hold that the evidentiary issue is defaulted because Day's

trial counsel did not object to the testimony, and we further hold that the evidence was sufficient to

support the conviction.

I.

The evidence at trial proved that a deputy sheriff arrested Day pursuant to two outstanding

arrest warrants.  As an incident to the arrest, the deputy sheriff searched Day and found in Day's

pants pocket a silver spoon.  The deputy sheriff testified that the part of the spoon "that holds the

fluid . . . was coated with a white powdery substance."  He described the substance as "quite thick,"

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"crystallized," and "adhered to the spoon." The evidence further proved that the forensic laboratory analyzed the substance and reported it to be cocaine.

During the prosecutor's direct examination, the deputy sheriff also testified that Day did not say anything during the search and did not deny that the spoon and the pants were his property. On cross-examination, Day's trial counsel asked whether he could infer from the deputy's testimony that the deputy "asked [Day] those questions." The deputy responded in the negative and testified that he did not question Day and that Day made no statements. On redirect examination, the deputy testified that when he seized the spoon Day showed no "surprise" at the discovery, "sort of hung his head," and did not make any statements.

The jury convicted Day of possession of cocaine.

## II.

Citing the Fifth Amendment to the Constitution of the United States and Article I, Section 8 of the Constitution of Virginia, Day contends that the deputy sheriff's testimony violated his constitutional rights to remain silent and to not be compelled to give evidence against himself. Day acknowledges that his trial attorney failed to object to this testimony, but he contends that the ends of justice warrants our consideration of this issue on appeal.

The primary thrust of Rule 5A:18 is quite clear. "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor." Rule 5A:18. Applying Rule 5A:18, we have consistently held that we will not consider on appeal issues or arguments which were not first raised in the trial court. See Andrews v. Commonwealth, 37 Va. App. 479, 493, 559 S.E.2d 401, 408 (2002); Ingram v. Commonwealth, 1 Va. App. 335, 341, 338 S.E.2d 657, 660 (1986). We have noted that the main purpose of Rule 5A:18 "is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." Schwartz v. Commonwealth, 41 Va. App. 61, 71, 581

S.E.2d 891, 896 (2003). In this case, as in Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993), Day "failed to obtain a ruling from the court . . . [and] requested no relief. Because he was denied nothing by the trial court, there is no ruling for us to review."

Day contends that the constitutional issue is one that falls within "the ends of justice" exception to Rule 5A:18. We have held, however, that the mere existence of a constitutional claim does not meet the standard for invoking the exception. "Rule 5A:18 applies to bar even constitutional claims." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See also Foster v. Commonwealth, 38 Va. App. 549, 555 n.2, 567 S.E.2d 547, 550 n.2 (2002) (noting that although appellant did not argue that the "ends of justice" exception applied to his claim of an equal protection violation, we found "no basis for its application in this case").

The "ends of justice" exception only applies when the error is "'clear, substantial, and material,'" Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (citation omitted), and it may be invoked only "when the record affirmatively shows that a miscarriage of justice has occurred, not when it merely shows that a miscarriage *might* have occurred." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). The deputy testified that Day was not questioned and did not make a statement. The evidence of Day's guilt, however, was not limited to his silence. The deputy sheriff also testified that Day hung his head when the spoon was seized. This was conduct that the jury could have found sufficient to support a knowing possession. Thus, the evidence shows only that a miscarriage of justice might have occurred.

We hold that this issue is barred by Rule 5A:18.

### III.

When an appeal challenges the sufficiency of the evidence to support a conviction, "we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d

- 3 -

415, 418 (1987). So viewed, the evidence proved that the deputy sheriff found a spoon in Day's pocket coated with a powdery cocaine residue. The cocaine on the spoon was "crystallized" and clearly visible. When the deputy seized the spoon, Day "just sort of hung his head."

The jury believed the Commonwealth's evidence. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The jury was entitled to draw reasonable inferences from the presence of the spoon in Day's pocket and Day's reaction to the discovery. The evidence that Day had a spoon coated in cocaine and that he "hung his head" when the deputy found the spoon was sufficient for the jury to find that Day had knowledge of the substance on the spoon. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Day possessed the cocaine.

For these reasons, we affirm the conviction.

Affirmed.