COURT OF APPEALS OF VIRGINIA

Present:  Judges Alston, McCullough and Senior Judge Clements
Argued at Chesapeake, Virginia


CHARLES NAPOLEON HAWKINS

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 2098-12-1                   JUDGE STEPHEN R. McCULLOUGH
                                                        OCTOBER 22, 2013

COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                         Johnny E. Morrison, Judge

          W. McMillan Powers, Assistant Public Defender (Office of the
          Public Defender, on brief), for appellant.

          Victoria Johnson, Assistant Attorney General (Kenneth T.
          Cuccinelli, II, Attorney General, on brief), for appellee.


          Charles Napoleon Hawkins was convicted of possession of ten or more forged bank notes.

He argues the evidence was insufficient as a matter of law for four reasons (1) the Commonwealth

failed to prove he possessed the notes; (2) the evidence did not establish that he knew the notes were

forged; (3) the prosecution's evidence failed to establish that he intended to utter the notes; and

(4) the testimony of Sergeant Travis Smaglo was contradictory and should not have been believed.[1]

We disagree and affirm the decision of the trial court.

_____

          [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

          [1] In his opening brief, appellant expressly abandoned his first four assignments of error.
These assignments of error were directed at the trial court's denial of appellant's motion to strike
at the close of the Commonwealth's evidence.  His remaining assignments of error cover the
same ground, but address the trial court's decision to deny the motion to strike made at the
conclusion of all the evidence.  Accordingly, we do not address the first four assignments of
error in appellant's brief.

BACKGROUND

Appellant was the subject of several outstanding warrants. Police learned that he could be found at Big Daddy's, a pool hall in the City of Portsmouth. Several officers assembled and entered the establishment. One officer, Officer Watts, went around the pool table. Sergeant Smaglo testified on direct examination that he observed appellant reach into his right shorts pocket with his right hand. Smaglo drew his gun and twice told appellant to remove his hand. As he removed his hand, appellant threw a large sum of money on the floor. He was then handcuffed. Sergeant Smaglo collected the money that was on the floor. He recovered a total of 18 twenty-dollar bills. When appellant overheard Smaglo tell another officer that the money belonged to appellant, appellant denied that the money was his. Smaglo answered, "[w]ell, yes it is. You threw it on the floor. Why would you not want your money?" Appellant responded by denying again that the money was his. At the time, Smaglo did not notice anything unusual about the money.

On cross-examination, Smaglo was asked, "when you approached Mr. Hawkins before he began reaching into his pocket and began pulling out the money, . . . what was he doing with his hand before you approached him?" Sergeant Smaglo answered, "Well, by the time I had noticed his hand, when I first noticed him, his hand was already in his right . . . pocket, I believe, when I first noticed that Officer Watts had already grabbed his left hand, his left arm." Sergeant Smaglo also testified that he did not recover any other currency from appellant, but Smaglo stated that he did not search appellant.

Later, Smaglo noticed that a number of the bills had the same serial number, which led him to believe they were counterfeit. Dan Apperson, an employee of the United Sates Secret Service, testified as an expert on counterfeit currency for the prosecution. He concluded that the notes recovered from appellant were counterfeit. The counterfeit bills totaled $360.

Appellant offered testimony from a number of witnesses, including appellant's half-sister Keanna Wilson, who testified that appellant would not have had any opportunity to put his hands in his pockets. According to Wilson, the police walked into the pool hall with guns drawn and appellant would have been shot had he attempted to move his hands. She stated that at no time did appellant pull anything out of his pockets. A friend of appellant's, Kerry Irving, as well as appellant's father, offered similar testimony.

ANALYSIS

Code § 18.2-173 provides in relevant part that a person who possesses ten or more forged bank notes "knowing the same to be forged . . . with the intent to utter or employ the same as true" is guilty of a Class 6 felony. "When considering a challenge to the sufficiency of the evidence to sustain a conviction, this Court reviews 'the evidence in the light most favorable to the prevailing party at trial and consider[s] all inferences fairly deducible from that evidence.'" Clark v. Commonwealth, 279 Va. 636, 640, 691 S.E.2d 786, 788 (2010) (quoting Jones v. Commonwealth, 276 Va. 121, 124, 661 S.E.2d 412, 414 (2008)). Where there is a conflict in the evidence, this standard of review requires us to resolve that conflict in favor of the prevailing party, in this instance the Commonwealth, Rodgers v. Commonwealth, 227 Va. 605, 614, 318 S.E.2d 298, 303 (1984), and we "will not set aside the factual findings of the trial court unless those findings are 'plainly wrong or without supporting evidence,'" Williams v. Commonwealth, 52 Va. App. 194, 197, 662 S.E.2d 627, 628-29 (2008) (quoting Foster v. Commonwealth, 38 Va. App. 549, 554, 567 S.E.2d 547, 549 (2002)). Further, the trial judge, "who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts." Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998).

I. THE EVIDENCE ESTABLISHED THAT THE APPELLANT POSSESSED THE FORGED BANK NOTES, THAT HE HAD THE REQUISITE KNOWLEDGE THAT THE NOTES WERE COUNTERFEIT, AND THAT HE HAD THE REQUISITE INTENT TO EMPLOY THEM AS TRUE.

In his first assignment of error, appellant argues that his conviction must be reversed because the evidence does not establish that he possessed the bank notes. Sergeant Smaglo testified that he observed appellant reach into his pocket with his right hand and throw the forged bank notes on the floor. Appellant offered contrary testimony from his half-sister, a friend, and his father. The trial court, however, believed Sergeant Smaglo's testimony and disbelieved the testimony of appellant's witnesses. We will not second-guess the trial court's credibility determinations on appeal. The judgment of the trial court was not plainly wrong or without supporting evidence with regard to whether appellant possessed the notes.[2]

The fact that appellant tried to discard the forged notes when the police arrived permits an inference by the factfinder that appellant knew the bank notes were counterfeit and that he attempted to discard them to avoid being caught with them in his possession. Ordinarily, one does not throw away large sums of money on the floor when approached by police. As the United States Court of Appeals for the Fifth Circuit has noted, "[p]robably the strongest evidence of guilty knowledge is an attempt to abandon counterfeit currency when detection is feared." Ruiz v. United States, 374 F.2d 619, 620 (5th Cir. 1967).

Finally, we examine whether the evidence establishes that appellant harbored an intent to utter these bills as true. Importantly, appellant possessed a large sum of counterfeit bills. When a "defendant possesse[s] an unusually large number of counterfeit bills," such "possession raise[s] a possible inference that defendant obtained the currency purposefully for redistribution, rather

---

[2] At trial, appellant did not raise any issues with respect to inconsistencies in Sergeant Smaglo's testimony and, therefore, any argument on this basis is defaulted. See Rule 5A:18. Although Smaglo's testimony is inconsistent with regard to the precise position of appellant's right hand prior to throwing the currency, Smaglo never wavered with regard to whether he observed appellant throw the money on the floor.

than incidentally in the course of business." <u>United States v. Berrios</u>, 443 F. Supp. 408, 410 (E.D. Pa. 1978). Moreover, he was in possession of the notes in a commercial establishment, a pool hall, where, the trial court could infer from common experience, cash transactions are common. On these facts, the trial court could draw the common sense conclusion that appellant possessed the counterfeit currency with the intent to utter it, rather than for some other purpose such as an abiding interest in numismatics.

II. RULE 5A:18 BARS CONSIDERATION OF THE ASSIGNMENT OF ERROR CONCERNING CONTRADICTIONS IN SERGEANT SMAGLO'S TESTIMONY.

In his final assignment of error, Hawkins argues that the evidence was insufficient because Sergeant Smaglo's testimony is contradictory and unworthy of belief. This argument was not advanced at trial. Under our rules, we will not consider on appeal an argument that was not made in the trial court. Rule 5A:18. Appellant does not invoke the ends of justice exception, and we will not do so *sua sponte*. <u>See</u> <u>Edwards v. Commonwealth</u>, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*). Therefore, we will not consider this assignment of error.

CONCLUSION

The judgment of the trial court is affirmed.

<u>Affirmed.</u>