COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Russell and Athey
Argued at Fredericksburg, Virginia

LAMAR ORTAGA McLEAN

v.      Record No. 0552-19-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE WESLEY G. RUSSELL, JR.
FEBRUARY 4, 2020

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Steven S. Smith, Judge

(William D. Wides; The Manassas Law Group, P.C., on brief), for
appellant. Appellant submitting on brief.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

As a result of his guilty plea, Lamar Ortaga McLean, appellant, was convicted of possession

with the intent to distribute heroin, second offense. On appeal, he argues that the trial court erred in

rejecting his accommodation defense at sentencing, contending that the trial court erroneously

concluded that he had been involved in two transactions when the evidence proved that only one

transaction had occurred. For the reasons that follow, we affirm the judgment of the trial court.

BACKGROUND

Appellant was charged with possession with the intent to distribute a Schedule I or II

substance (heroin) as a second offense. His trial was scheduled to take place on November 28,

2017.

Prior to trial, appellant agreed to plead guilty to the charge. On November 27, 2017, both

appellant and his counsel executed a written "plea of guilty to a felony" form. Among other things,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the written form details the potential maximum sentence for the offense, notes that "[t]here is no agreement as to sentence[,]" indicates that by pleading guilty appellant is "admitting that [he] committed the offense as charged[,]" and contains appellant's acknowledgement that he is "freely and voluntarily plead[ing] guilty to the offense[.]"

On November 28, 2017, appellant appeared before the trial court. The charge was read to appellant, and he entered a plea of guilty. Thereafter, the trial court conducted a full plea colloquy with appellant. At the conclusion of the colloquy, the trial court found appellant's plea to have been freely, intelligently, and voluntarily made and asked the Commonwealth to summarize the evidence in the case.

The Commonwealth's summary of the evidence detailed that, in April 2014, Detective Donna Edelen and a confidential informant traveled to a pre-arranged location, an IHOP located in the Dumfries section of Prince William County, where they encountered appellant. Appellant entered the detective's vehicle and pulled from his pants a black, zippered bag that contained foil packets. From that bag, he produced two foil packets, which ultimately proved to contain heroin, and exchanged them with the confidential informant for "marked buy money." The detective then engaged appellant in conversation about potential future transactions involving other narcotics referenced as "blues." Appellant informed the detective that he could provide that substance and quoted her a price. The transaction and subsequent conversation having concluded, appellant exited the vehicle.

At the conclusion of the Commonwealth's proffer, the trial court asked defense counsel if he "wish[ed] to add to that proffer in any way at this time?" Counsel responded "[n]ot at this time[.]" The trial court then stated that, "[o]n your plea of guilty and on the Statement of Facts as presented by the Commonwealth," it found appellant guilty of the charge.

A presentence report was ordered, and a sentencing date was set. Appellant's counsel, indicating that it may be difficult for his witnesses to appear at the sentencing hearing, requested that he be allowed to have his sentencing witnesses testify at that time. The trial court granted the request, allowing appellant's sentencing witnesses to testify on November 28, 2017, as opposed to waiting until the sentencing hearing.

In an attempt to demonstrate that appellant had possessed and distributed drugs only as an accommodation, appellant called three witnesses to testify regarding their knowledge of appellant's participation in a drug transaction at an IHOP on the day in question. None of the witnesses, however, had been present at the IHOP, and therefore, none saw appellant engage in the transaction about which they testified.

If credited, the defense witnesses established that Amber Demarais had known appellant for fifteen years and was dating him in 2014. Demarais and her friend, Melissa Cummings, would occasionally travel to Washington, D.C. to purchase heroin together. On April 23, 2014, Cummings wanted to purchase heroin for a male co-worker, so she and Demarais traveled to Washington, D.C., to procure two grams of heroin for $200. Together they used some of the heroin and intended to sell the remaining portion to Cummings' male co-worker for the same price they had paid in order to make their money back. At Cummings' request, Demarais asked appellant to conduct the transaction with the co-worker because Cummings "was more or less ripping her co-worker off and didn't want it to look like it was her." Cummings chose appellant because he appeared "intimidating." With some reluctance, appellant agreed to participate in the transaction.

Demarais then gave the heroin to appellant in two foil packets that had been placed in a Newport cigarette package. Appellant and another friend, Princess, left Demarais' house with the heroin and traveled to IHOP, where the transaction was to take place. Appellant returned two hours later, and Princess gave Demarais two $100 bills that Demarais understood as being what appellant

received for selling the heroin to Cummings' male co-worker. Demarais explained that appellant received nothing for his cooperation. Demarais acknowledged that she knew appellant had been involved in selling heroin separate and apart from the day's activities. In sum, appellant's witnesses described a transaction at the IHOP in which appellant sold a male purchaser the two packages of heroin in his possession. Appellant carried the heroin in a Newport cigarette package and was paid with two $100 bills.

At a later date, the trial court permitted the Commonwealth to put on evidence in support of its version of events. Detective Edelen testified regarding the details of the controlled buy she had witnessed and that had been the basis for the Commonwealth's summary of the evidence at the guilty plea hearing. Edelen confirmed that, acting undercover, she drove a female, confidential informant to the IHOP to make a controlled purchase of heroin from appellant. Edelen actually witnessed the transaction. She saw appellant open a zippered bag containing more than seven foil packets. He provided two of the foil packets to the confidential informant in exchange for money, specifically $100. Although Edelen could not remember the specific denominations of the bills used by the confidential informant, she explained that, for controlled buys, the police provide twenties, tens, and fives as opposed to $100 bills. Edelen testified that she asked appellant if he could procure oxycodone, or "blues," for her and he stated that he could. In sum, if credited, the Commonwealth's evidence established that, at the IHOP on the day in question, appellant sold two of approximately seven foil packets of heroin in his possession to a female confidential informant. The foil packets were not taken from a Newport cigarette package, but rather, from appellant's black, zippered bag. The female confidential informant did not use $100 bills in the transaction.

Appellant argued that his evidence established that he had possessed and distributed the heroin as an accommodation as defined in Code § 18.2-248(D).[1]  Having heard all of the evidence, the trial court concluded that appellant had not established that he had possessed and distributed heroin as an accommodation.  The trial court stressed two reasons for its conclusion.  First, it noted that all of the witnesses described a commercial transaction—the exchange of heroin for money.  Second, the trial court, based on differences in the version of events described by Edelen and the defense witnesses, concluded that the evidence revealed two "different deals" with Edelen describing one transaction and the defense witnesses describing "a different deal."

Appellant objected to the trial court's conclusion and asked that it reconsider its ruling.  He argued that the police report underlying the charge indicated that the confidential informant had received heroin worth $200, and thus, Edelen was mistaken when she said the confidential informant only paid $100 for the heroin.  From this, he reasons that Edelen's version is sufficiently undermined that the trial court was required to conclude that there had been one transaction and that it had occurred as described by the defense witnesses.  Appellant argued that, viewed in this light, the evidence established that he possessed and distributed the heroin as an accommodation. The trial court declined to change its ruling and sentenced appellant accordingly.

---

[1] Pertinent here, Code § 18.2-248(D) provides that if a person who violated Code § 18.2-248(C)

> proves that he gave, distributed or possessed with intent to give or distribute a controlled substance classified in Schedule I or II only as an accommodation to another individual who is not an inmate in a community correctional facility, local correctional facility or state correctional facility as defined in § 53.1-1 or in the custody of an employee thereof, and not with intent to profit thereby from any consideration received or expected nor to induce the recipient or intended recipient of the controlled substance to use or become addicted to or dependent upon such controlled substance, he shall be guilty of a Class 5 felony.

This appeal followed. Appellant asserts one assignment of error. He argues that the "trial court abused its discretion in rejecting [his] accommodation defense" because "it erroneously concluded that multiple narcotic[s] transactions had occurred when the evidence indicated that only one transaction had occurred."

ANALYSIS

Appellant acknowledges that he was guilty of possessing heroin with the intent to distribute it. In fact, he pled guilty to that charge. His argument is limited to the issue of his entitlement to a lesser punishment given his contention that he committed the offense as an accommodation as provided for in Code § 18.2-248(D).

In asserting an accommodation defense pursuant to Code § 18.2-248(D), appellant had the burden of overcoming the statute's "presumption against an accommodation distribution" and was "require[d] . . . to prove accommodation by a preponderance of the evidence." Foster v. Commonwealth, 38 Va. App. 549, 557 (2002). He attempts to meet this burden by arguing that the trial court's conclusion that the evidence established two separate transactions was unsupported by the evidence. As such, he attacks a factual finding of the trial court.

"We review a trial court's factfinding 'with the highest degree of appellate deference.'" Joyce v. Commonwealth, 56 Va. App. 646, 664 (2010) (quoting Thomas v. Commonwealth, 48 Va. App. 605, 608 (2006)). "[W]hen conducting appellate review on [a] question of fact, . . . the trial court's [finding] must be affirmed unless it is plainly wrong or without evidence to support it." Goodwin v. Commonwealth, 71 Va. App. 125, 136 (2019) (alterations and ellipsis in original) (quoting Sheppard v. Commonwealth, 250 Va. 379, 387 (1995)).

Here, evidence supports the trial court's conclusion that the Commonwealth's witnesses and the defense witnesses were describing separate drug transactions involving appellant. Although both the Commonwealth and the defense witnesses described an individual heroin sale

by appellant at the Dumfries IHOP on the day in question, the significant differences in the respective descriptions support a conclusion that appellant engaged in two heroin transactions that day at the IHOP.

The defense witnesses describe a transaction in which appellant's customer was a man; the Commonwealth's evidence detailed a sale to a woman. The defense witnesses described appellant carrying just two foil packets of heroin in a Newport cigarette package; the Commonwealth described a sale in which appellant produced two foil packets of heroin from a black, zippered bag containing many more foil packets. The defense witnesses asserted that the male purchaser gave appellant two $100 bills in exchange for the heroin; the Commonwealth's witness established that the female purchaser bought the heroin without using $100 bills.[2]

Importantly, nothing in either party's version of events precludes the transaction described by the other. On behalf of the Commonwealth, Detective Edelen testified regarding what she observed during the transaction between appellant and the female confidential informant at the IHOP. She provided no testimony about what appellant did or did not do immediately prior to or after that encounter, leaving open the possibility that appellant also engaged in a heroin transaction with a male customer at the IHOP that day.

Similarly, the defense witnesses' description of appellant selling heroin to a male customer at the IHOP does not exclude the possibility that he also sold heroin to a female at

---

[2] In the trial court and on appeal, appellant argues that Edelen's testimony is at best mistaken because she testified that the confidential informant gave appellant $100 and the police report reflects that the confidential informant received $200 worth of heroin. Although such a discrepancy can be considered by the factfinder in determining what weight to give to a witness' testimony, it did not require that the trial court reject the remainder of Edelen's testimony regarding appellant selling heroin to a female confidential informant at the IHOP on the day in question. See, e.g., Commonwealth v. McNeal, 282 Va. 16, 22 (2011) (recognizing that the trier of fact not only is charged with "choosing between competing accounts offered by different witnesses," but also may be called upon to address discrepancies in the testimony of a single witness).

IHOP as described by Edelen. In fact, none of the defense witnesses were present at the IHOP to witness any transactions. Thus, even if appellant engaged in a sale of heroin to a male exactly as described by the defense witnesses, those witnesses did not and cannot establish that he did not also sell heroin to a female at IHOP on the same day.

In concluding that two transactions had occurred, the trial court essentially credited both the Commonwealth's evidence and the evidence offered by the defense. The trial court accepted as true Edelen's testimony that she observed appellant sell heroin to the female confidential informant and accepted that, as testified to by the defense witnesses, appellant sold heroin to a male customer at IHOP. Because evidence in the record supports both a conclusion that appellant sold heroin to a female customer and that he sold heroin to a male customer at IHOP on the day in question, we cannot say that the trial court's factual finding was plainly wrong. Accordingly, it binds us on appeal. Goodwin, 71 Va. App. at 136.

The trial court's conclusion that two transactions occurred is fatal to appellant's accommodation argument. As noted above, Code § 18.2-248(D) contains a "presumption against an accommodation distribution" and "requires [a] defendant to prove accommodation by a preponderance of the evidence." Foster, 38 Va. App. at 557. Here, the evidence that appellant offered to support his contention that he engaged in a transaction as an accommodation focused solely on his sale to the male customer described by the defense witnesses. He offered no evidence to even suggest that he sold heroin on the day in question to a female customer as an accommodation to Demarais or anyone else. Accordingly, having convicted appellant of selling heroin to the female customer as charged and described by the Commonwealth, the trial court did not err in concluding that appellant had not met his burden to establish that his involvement in that transaction constituted an accommodation under Code § 18.2-248(D).

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>