COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judge O'Brien and Senior Judge Haley
Argued at Richmond, Virginia

**PUBLISHED**

ERIC MARVIN LANEY

v.      Record No. 0833-21-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE MARY GRACE O'BRIEN
DECEMBER 6, 2022

FROM THE CIRCUIT COURT OF NEW KENT COUNTY
B. Elliott Bondurant, Judge

Ivan D. Fehrenbach (D.R. Dansby, Ltd, on briefs), for appellant.

Matthew J. Beyrau, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Eric Marvin Laney appeals his conviction and sentence for distribution of fentanyl, third

offense, in violation of Code § 18.2-248(C). He argues the court erred by permitting victim impact

evidence at sentencing and by declining to apply the accommodation reduction in Code

§ 18.2-248(D). He also argues the court violated his constitutional rights and imposed "an

unreasonably high and arbitrary sentence." For the following reasons, we affirm.

BACKGROUND

Pursuant to a plea agreement, Laney pled guilty to distribution of fentanyl, third offense, in

violation of Code § 18.2-248(C). The agreement provided that Laney's "active period of

incarceration will be no more than twenty-five (25) years," and it permitted Laney to argue at

sentencing for a reduction in the charge to distribution as an accommodation under Code

§ 18.2-248(D). The court accepted the plea agreement, entered a conviction order, and continued

the matter for sentencing.

The Commonwealth proffered evidence during Laney's guilty plea, and Laney presented additional facts about his accommodation request at sentencing. In accordance with our appellate standard of review, we state the facts in the light most favorable to the Commonwealth, the prevailing party below. *See Gerald v. Commonwealth*, 295 Va. 469, 472-73 (2018).

Samantha Rigdon and her six-year-old son lived with Samantha's mother, Deborah Rigdon ("Rigdon"). On January 28, 2019, Rigdon picked up her grandson from daycare. When they came home, the child discovered Samantha unresponsive in her bedroom and called out for his grandmother. Rigdon ran into the room and immediately realized Samantha was dead. Next to her body was a lottery ticket with powder, later determined to be heroin and fentanyl. An autopsy report listed Samantha's cause of death as heroin, fentanyl, and citalopram[1] intoxication.

Samantha and Laney had exchanged Facebook messages the day she died. In one message, Samantha wrote, "your coming now? im so sick." A narcotics expert testified that this language meant Samantha was going through opiate withdrawal. After her death, Laney admitted to investigators that he provided Samantha with the drugs that killed her. In an interview with news reporters, he also acknowledged giving her the drugs.

At sentencing, Laney testified that he and Samantha met while on work release from jail. According to Laney, they were both struggling with drug addiction, often got high together, and would not "leave each other sick." The day she died, Samantha called Laney several times and told him that she was "sick" and suffering from withdrawal. Laney told her that he did not have any money to buy drugs.

Samantha asked Laney to get drugs from "Earl," a dealer who often fronted them drugs. Samantha had $70, so Laney obtained drugs from Earl and took them to Samantha's house. He and

---

[1] Citalopram is a prescription antidepressant that Samantha was taking at the time of her death.

Samantha divided the drugs, used some, and split the rest. Laney took the $70 from Samantha, left with his portion of the drugs, and brought the money to Earl. After Laney left, Samantha wrote him, "man, thank you. I can finally get up and get myself together. be safe." Laney admitted that by facilitating the transaction, he was able to obtain drugs for himself and "got to get high," but he testified that he was "heartbroke[n]" when he learned that Samantha had died.

During the sentencing hearing, Laney objected to Rigdon's victim impact statement and testimony regarding the death of her daughter. The court overruled the objection and permitted both the statement and testimony.

Laney argued that his conviction should be reduced to distribution as an accommodation under Code § 18.2-248(D).[2] The court denied the request, stating, "[T]his is not an accommodation. You profited from it, maybe not monetarily, but you didn't have to pay for the drugs. She paid for them. You ingested them. You took some home." The court did not disturb its prior order convicting Laney of distribution of fentanyl, third offense, and it sentenced him to 50 years' incarceration, with 25 years suspended.

## ANALYSIS

### I. Victim Impact Evidence

Laney contends that the court erred by considering Rigdon's victim impact testimony and written statement because she does not fit the definition of "victim" in the Crime Victim and Witness Rights Act, Code §§ 19.2-11.01 to -11.4. *See* Code § 19.2-11.01(B). He also asserts that the court's consideration of that evidence violated his constitutional rights to due process and to be free from cruel and unusual punishment.

---

[2] The sentencing range for distribution of fentanyl, third offense, is from ten years to life in prison. Code § 18.2-248(C). By contrast, an accommodation distribution under Code § 18.2-248(D) is punishable as a Class 5 felony, with a sentencing range of one to ten years' imprisonment, or confinement in jail for not more than 12 months and/or a fine not to exceed $2,500. Code § 18.2-10(e).

We review a court's evidentiary rulings, including those made at sentencing, for an abuse of discretion. *See Harvey v. Commonwealth*, 65 Va. App. 280, 286-87 (2015). Issues of statutory interpretation are questions of law that this Court reviews *de novo*. *Baldwin v. Commonwealth*, 69 Va. App. 75, 81 (2018).

The Crime Victim and Witness Rights Act gives certain statutorily defined victims the right to, among other things, "prepare a written victim impact statement" and "testify prior to sentencing of a defendant." Code § 19.2-11.01(A)(4)(a), (c). Here, the court found that Rigdon met the statute's definition of victim because she was "a person who has suffered physical, psychological, or economic harm as a *direct result* of the commission of . . . a felony." Code § 19.2-11.01(B)(i)(a) (emphasis added).

On appeal, Laney argues the court made an error of law in determining that Rigdon suffered as a "direct result" of his drug-distribution felony and abused its discretion by considering the victim impact evidence at sentencing.

We need not decide whether Rigdon meets the statutory definition of victim because the record demonstrates that her testimony and written statement were admissible under *Rock v. Commonwealth*, 45 Va. App. 254 (2005).[3]

In *Rock*, we held that nothing in the Crime Victim and Witness Rights Act prohibits a court from admitting relevant evidence or testimony from other witnesses who do not meet the statutory definition of "victim." *Id.* at 261-63; *see also Smith v. Commonwealth*, 27 Va. App. 357, 363 (1998) (noting that a "court must take into account a wide range of information" at sentencing). Although these other witnesses do not have statutorily protected rights to testify or present written

---

[3] "Under the right-result-different-reason principle, an appellate court 'do[es] not hesitate, in a proper case, where the correct conclusion has been reached but [a different] reason [is] given, to sustain the result [on an alternative] ground.'" *Vandyke v. Commonwealth*, 71 Va. App. 723, 731 (2020) (alterations in original) (quoting *Banks v. Commonwealth*, 280 Va. 612, 617 (2010)).

statements, the Act does not bar this type of evidence. *See Rock*, 45 Va. App. at 261-62. Rather, a court retains discretion to evaluate "the circumstances of the individual case" and determine "what evidence will be necessary and relevant, and from what sources it may be drawn." *Id.* at 262 (quoting *Beck v. Commonwealth*, 253 Va. 373, 384 (1997)).

Here, Rigdon presented evidence regarding her daughter Samantha's overdose from drugs supplied by Laney and its impact on the family. Samantha and her son lived with Rigdon. Rigdon watched her grandson run into Samantha's bedroom upon getting home from daycare, and she heard her grandson's exclamations when he found Samantha unconscious. When Rigdon herself went into the bedroom, she saw that Samantha was dead. Samantha was within arm's length of heroin and fentanyl. Rigdon also testified that she had previously "asked [Samantha] if [Laney] was a drug dealer and she said yes," which served to rebut Laney's claim that he merely distributed the drugs as an accommodation. Under the circumstances of this case, Rigdon's testimony and written statement constituted relevant evidence for the court to consider in imposing sentence. *See id.*

Laney contends that "to the extent his argument conflicts" with *Rock*, that case "should be overturned." The interpanel-accord doctrine, however, precludes us from doing so. *Johnson v. Commonwealth*, 75 Va. App. 475, 481 (2022). "Under the interpanel-accord doctrine, the decision of a prior panel of this Court '"becomes a predicate for application of the doctrine of stare decisis" and cannot be overruled except by the Court of Appeals sitting en banc or by the Virginia Supreme Court.'" *Id.* (quoting *Butcher v. Commonwealth*, 298 Va. 392, 397 n.6 (2020)).

Laney also argues that the court's consideration of Rigdon's testimony and written statement violated his constitutional right to due process and resulted in cruel and unusual punishment. He did not present these arguments to the trial court, however, and they are therefore waived on appeal. *See* Rule 5A:18; *Foster v. Commonwealth*, 38 Va. App. 549, 555 (2002) (finding that Rule 5A:18 precludes consideration of a constitutional argument made for the first time on

appeal); *see also Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998) ("The Court of Appeals will not consider an argument on appeal which was not presented to the trial court."). Furthermore, Laney made no specific arguments that the "ends of justice" or "good cause" exceptions to Rule 5A:18 apply, and "we decline to do so *sua sponte*." *Wardell Orthopaedics, P.C. v. Colonna's Shipyard, Inc.*, 72 Va. App. 296, 303 (2020).

## II. Accommodation

Code § 18.2-248(D) allows a reduced sentence if a defendant distributes drugs "only as an accommodation to another individual . . . and not with intent to profit thereby from any consideration received or expected nor to induce the recipient or intended recipient of the controlled substance to use or become addicted to or dependent upon such controlled substance."

It was Laney's burden to prove by a preponderance of the evidence that he distributed drugs as an accommodation. *Foster*, 38 Va. App. at 557 ("Code § 18.2-248(D) establishes a presumption against an accommodation distribution and requires the defendant to prove accommodation by a preponderance of the evidence."); *see also Stillwell v. Commonwealth*, 219 Va. 214, 225-26 (1978). His "claim of accommodation, at most, raised an issue of fact to be resolved by the fact finder." *Foster*, 38 Va. App. at 557. "We review a trial court's factfinding 'with the highest degree of appellate deference.'" *Joyce v. Commonwealth*, 56 Va. App. 646, 664 (2010) (quoting *Thomas v. Commonwealth*, 48 Va. App. 605, 608 (2006)). Factual findings must be affirmed unless they are plainly wrong or without evidence to support them. *Goodwin v. Commonwealth*, 71 Va. App. 125, 136 (2019).

Laney argues that he did not intend to profit from the transaction and therefore he should have been sentenced under the accommodation provision of the statute. However, the court found that Laney did not meet his burden of proof, and this finding is not plainly wrong. Laney did not have money to buy drugs, so he obtained the money from Samantha and then kept some of the

drugs he bought for his own use. Even assuming Laney wanted to help Samantha through her debilitating withdrawal symptoms, the record supports a finding that he also intended to profit by allowing Samantha to buy and share drugs that he could not purchase for himself. *See Barlow v. Commonwealth*, 26 Va. App. 421, 431 (1998) (recognizing that "profit" in the accommodation statute can include drugs themselves as compensation).

Laney characterizes the transaction as a drug deal between Earl and Samantha, and a gift of drugs from Samantha to himself as a reward. He claims that nothing in the record shows that he expected to receive payment or consideration and therefore he had no intent to profit. However, it was Laney's burden to prove accommodation; the Commonwealth was not required to establish a lack of intent to profit. *See Foster*, 38 Va. App. at 557. The court, as factfinder, was free to reject Laney's testimony that his only goal was to help his friend and instead conclude that Laney also intended to use the drugs that Samantha paid for, thereby profiting from the transaction. *See id.*; *see also Barlow*, 26 Va. App. at 431. For these reasons, we conclude that the court did not err in rejecting his request for an accommodation disposition under Code § 18.2-248(D).

### III. Arbitrarily High Sentence

Laney contends the court erred by imposing an "unreasonably high and arbitrary sentence." "We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).

The court sentenced Laney to 50 years' imprisonment, with 25 years suspended, leaving an active sentence of 25 years. This sentence not only corresponds with the plea agreement, but it also falls within the prescribed statutory range: distribution of fentanyl, third offense, carries a sentence

of up to life in prison.  Code § 18.2-248(C).  Because the sentence does not exceed the statutory maximum and reflects the plea agreement, we find that the court did not abuse its discretion.  *See Du*, 292 Va. at 564-65.

CONCLUSION

The court did not err in considering Rigdon's testimony and written statement at Laney's sentencing hearing.  The court also did not abuse its discretion in rejecting Laney's request for an accommodation disposition under Code § 18.2-248(D), and we find that the sentence was not unreasonably high or arbitrary.  Finally, we do not consider Laney's procedurally-defaulted claims that the court violated his constitutional rights.

*Affirmed*.